UNITED STATES of America, Plaintiff,

v.

Larry KNOHL and Rea Knohl, Defendants.

Civ. A. No. 18259.

United States District Court
E. D. New York.

Nov. 13, 1963.

---

Joseph P. Hoey, U. S. Atty., for plaintiff; Stanley Meltzer, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

George Wolf, New York City, for defendant Larry Knohl.

ABRUZZO, District Judge.

This is a motion by the defendant, Larry Knohl, in which he objects to answering the interrogatories propounded by the plaintiff.

The action in which this motion is made is one to collect the sum of $1,053,-994.02 from the defendant, Larry Knohl, and the sum of $771,651.30 from Larry Knohl and his co-defendant, Rea Knohl, jointly and severally, for income taxes with penalties and interest allegedly due for the years 1943 through 1953.

The parties stipulated in writing that the same issues of tax liabilities involved in this case are also involved in prior actions between the same parties pending in the Tax Court of the United States. The instant action was commenced on December 4, 1957. At that time there was also pending in this Court a criminal action against the defendant Larry Knohl for evasion of taxes, the indictment having been filed on July 8, 1954. The trial of said action resulted in a jury disagreement on June 26, 1956, and on December 18, 1962, on the Government's motion the criminal action was dismissed. The defendants' time to answer in the case at bar was extended until after the disposition of the criminal case. On April 11, 1963, after service by the defendants of their amended answer herein, a new indictment was filed in this Court against the defendant Larry Knohl and his son, Irwin, charging willful attempt to evade payment of income taxes of the defendant Larry Knohl for each of the years 1954 through 1960.

The defendant Larry Knohl contends that to require him at this time to answer detailed interrogatories of a comprehensive nature would unduly prejudice him in the criminal case and seriously hamper the preparation of his defense and that he should be permitted to have his tax liability first determined by the Tax Court of the United States.

This action is properly before this Court pursuant to 28 U.S.C.A § 1345 which gives the district courts jurisdiction of civil actions commenced by the United States unless otherwise indicated by Congress.

Pursuant to the provisions of 26 U.S.C.A. § 6861(a) jeopardy assessments were made against the taxpayer. These assessments were not contingent upon the filing of a petition by the taxpayer in the Tax Court to review the assessment. 26 U.S.C.A. § 6861(c) provides: "The jeopardy assessment may be made in respect of a deficiency * * * whether or not the taxpayer has theretofore filed a petition with the Tax Court." The Government is therefore free to levy upon the assets of the taxpayer or it may commence a proceeding in court within six years of said assessment (26 U.S.C.A. § 6502(a)). Such an action brought by the Government pursuant to 26 U.S.C.A. § 6502(a), or a levy thereunder, can be stayed by the taxpayer by filing a bond pursuant to 26 U.S.C.A. § 6863 during the pendency of his action in the Tax Court in which he seeks to review the validity of the assessment actually made.

In the instant case the taxpayer has not filed a bond, thereby making it necessary for the Government to institute the present action to avoid the bar of the six-year statute of limitations.

The interrogatories in issue concern themselves with the tax years 1943 through 1953. Pursuant to 26 U.S.C.A. § 6531 the defendant Larry Knohl is immune from any criminal tax charges for those years. The defendant contends that if he is compelled to answer the inter-

rogatories the Government could use the information obtained to prove its criminal indictment for the years 1954 through 1960. Assuming *arguendo* that there was no criminal indictment pending for the years 1954 through 1960, the defendant might well contend that his answers to the interrogatories propounded could provide information by which he could be indicted, therefore, he could not be compelled to answer. Any information obtained by the Government through the defendant's answering of the interrogatories will concern itself only with the tax years 1943 through 1953 and in order for the Government to prove the counts in the pending indictment it will have to do so by evidence independent of that gleaned from the interrogatories.

The defendant relies on United States v. O'Connor, 291 F.2d 520, p. 528 (C.A. 2d, 1961), where the Court stated:

"Appellants' two other attacks on the appointment of a special master are best considered together. The first is that a taxpayer who has seasonably elected to have his tax liability determined by the Tax Court may not be forced to trial before another forum. The Government responds that the procedure before the Tax Court was simply intended 'to furnish a forum where full payment of the assessment would not be a condition precedent to suit,' Flora v. United States, 1960, 362 U.S. 145, 163, 80 S.Ct. 630, 4 L.Ed.2d 623, and that where a jeopardy assessment has been made and the taxpayer, by failing to obtain a stay through filing a bond, has created a situation in which judicial (as well as extrajudicial) methods of collection may be put in motion, the Tax Court and the District Court have concurrent jurisdiction to determine the tax—a position not altogether reconcilable with the statement of the Senate Committee, quoted above, Sen.Rep. No. 52 (59th Cong. 1st Sess.), pp. 26–27 (1939–1 Cum.Bull. 332, 352), that in such a case 'the right of the taxpayer to have the correct amount of the deficiency determined by the Board and the appellate courts is not interfered with * * *.' Without determining whether appellants' position is sustainable in its fullest reach, we think a wise exercise of discretion would generally favor a procedure whereby a taxpayer who has elected to have his liabilities determined by the Tax Court ought be allowed to follow that course to a conclusion, *provided he diligently pursues it.* * * * " (Italics supplied.)

The rule set forth in O'Connor, supra, is inapplicable in the case at bar. The Tax Court cases were commenced by this defendant for the assessments for the years 1942 through 1946 on December 17, 1951; for the years 1947 through 1949 on July 21, 1952; for the year 1950 on May 26, 1952; and for the years 1951 through 1953 on September 24, 1958. The conclusion is inescapable that he did not pursue his remedy in the Tax Court with any degree of diligence. The defendant objects to all of the written interrogatories which the Government seeks to have the defendant answer. He has not objected to any specific question but takes the position that he should be permitted to try his case in the Tax Court first. This argument is unsound for there has been an unconscionable failure by the defendant to pursue his remedies in the Tax Court cases. As he has not objected on this motion to any specific question it is hereby directed that he answer all of the written interrogatories.

*For the reasons set forth above the defendant's motion is denied.*